FILED'11 MAR 14 10:21USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| EMILY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 10-117-JO |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| CITY OF PORTLAND, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

Thane W. Tienson
LANDYE BENNETT BLUMSTEIN, LLP
1300 S.W. Fifth Avenue, Suite 3500
Portland, OR 97201

  Attorney for Plaintiff

Robert T. Yamachika
CITY ATTORNEY'S OFFICE
1221 S.W. Fourth Avenue, Room 430
Portland, OR 97204

  Attorney for Defendants

JONES, Judge:

Plaintiff, who is legally blind, brings this action against the City of Portland and two City employees, Scott Gibson and Robert Stillson, to recover damages for injuries she suffered when she fell after stepping into an "unsigned, unmarked, unbarricaded, deep excavated hole" while jogging in Tom McCall Waterfront Park in Portland, Oregon. Amended Complaint, ¶ 8. Plaintiff asserted two claims: a negligence claim against the City and the two individual defendants under the Oregon Tort Claims Act ("OTCA"), ORS 30.260 et seq, and a claim for violation of Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq, against the City.

In earlier proceedings in this case, I denied defendant City's motion to substitute the City as the sole defendant (# 22) on plaintiff's negligence claim, but dismissed the negligence claim against the City with prejudice pursuant to the Public Use of Lands Act, which plaintiff concedes bars her negligence claim against the City itself.

The case is now before me on defendants' motion for summary judgment (# 24) on plaintiff's ADA claim. Having considered the parties' arguments and their submissions, I grant defendants' motion. I also decline to retain supplemental jurisdiction over plaintiff's remaining state common law negligence claim against the two individual defendants, and therefore dismiss that claim without prejudice so that she may pursue it in state court.[1]

---

[1] Although the court mentioned remand during the hearing, because this case was not removed to this court, the proper process is to dismiss plaintiff's claim without prejudice. Plaintiff may then file a complaint in state court, where she can enjoy the benefits of state court practices, including the state court rule concerning non-unanimous verdicts. See ORCP 59(G)(2). With respect to any statute of limitations concerns, see ORS 12.220.

2 - OPINION AND ORDER

## FACTUAL BACKGROUND

The parties agree that plaintiff, who is legally blind due to a congenital condition, Stargardt's Syndrome, is a "qualified individual with a disability" under the ADA. They also agree that she fell while jogging after stepping in an excavated hole, which was "unsigned, unmarked, and unbarricaded," in Waterfront Park. The parties further agree that neither the City nor the individual defendants had knowledge that plaintiff ran in Waterfront Park or that she was disabled. She did not use a cane, run with a dog, or run with a sight assistant.

## DISCUSSION

Plaintiff brings her claim under section 12132 of the ADA, which provides that:

> no qualified individual with a disability shall by reason of such disability be excluded from participation in, or be denied the benefits of, the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

As plaintiff acknowledges, to state a claim under Title II of the ADA, she must allege and prove the following elements:

1. She is an "individual with a disability;"

2. She is "otherwise qualified to participate in, or receive the benefit of, some public entity's services, programs or activities;"

3. She was "either excluded from participating in, or denied the benefits of, the public entity's services, programs, or activities;" or

4. "Was otherwise discriminated against by the public entity;" and

5. "Such exclusion, denial of benefits, or discrimination was by reason of [her] disability."

3 - OPINION AND ORDER

Plaintiff's Memorandum in Opposition, p. 7 (quoting Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002)); see also Weinreich v. Los Angeles Metropolitan Transportation Authority, 114 F.3d 976, 978-79 (9th Cir. 1997). The Weinreich court clarified that a plaintiff proceeding under Title II of the ADA must prove that the discrimination was not simply by reason of the disability, but was "solely" by reason of the disability. Id.

The City makes two arguments in support of summary judgment: (1) plaintiff cannot prove that the City discriminated against her solely by reason of her disability; and (2) if the claim survives, plaintiff cannot recover monetary damages because she cannot prove intentional discrimination (interpreted in the Ninth Circuit to mean "deliberate indifference"[2]), as required under Title II of the ADA.

I need not address the latter issue, because I conclude that there is no evidence from which a reasonable fact-finder could conclude that the City discriminated against plaintiff "solely by reason of her disability." Neither the City nor the individual defendants knew of plaintiff or her disability before the accident. Plaintiff could not identify, and my own research did not find, any Title II ADA case in which an entity was held liable in absence of any evidence that the entity even knew about the plaintiff, let alone his or her disability, before the alleged discrimination occurred. This is not a case, for example, where wheelchair-bound plaintiffs seek accommodation for access to theaters or sports arenas, nor is it a case in which a particular plaintiff whose disability is not known to the entity seeks accommodation and is denied.

---

[2] See Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

Consequently, I grant defendants' motion for summary judgment. Because plaintiff's remaining claim, for common law negligence under state law, is in this court only under supplemental jurisdiction, I exercise my discretion to dismiss this action without prejudice.

## CONCLUSION

Defendants' motion (# 24) for summary judgment on plaintiff's ADA claim is granted. Plaintiff's remaining state common law negligence claim against the two individual defendants is dismissed without prejudice. Any other pending motions are denied as moot.

DATED this 14th day of March, 2011.

/s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge